365 P.2d 824

**TEMPERANCE INSURANCE EXCHANGE,
a corporation, Petitioner,**

v.

**Honorable John A. CARVER, Judge of the
Fifth Judicial District, State of Idaho,
Defendant.**

No. 9063.

Supreme Court of Idaho.

Oct. 26, 1961.

McDevitt & McDevitt, Pocatello, for petitioner.

O. R. Baum, Ben Peterson, Ruby Y. Brown, Black & Black, Pocatello, for defendant.

TAYLOR, Chief Justice.

Petitioner alleges that about March 17, 1958, it issued a policy of liability insurance to one Coburn, indemnifying him against liability for injuries resulting to third parties from the operation of his automobile; that on November 9, 1958, Coburn so operated his automobile that it collided with a car being operated by one Baxter, resulting in the death of Baxter and his wife; that the insured and the injured parties claim a right of recovery against petitioner by virtue of the policy; that petitioner commenced an action against the insured and the heirs of the deceased Baxters and their guardian, for the sole purpose of securing a declaration that the insurance policy had been fraudulently obtained by Coburn by means of false representations and concealment of facts in his application for the policy; that the Baxter heirs and their guardian, in addition to their answer, filed a cross-claim against the insured and the petitioner, insurer, seeking a judgment for damages based on the alleged negligence of the insured in the operation of his automobile; that the petitioner's motion to strike and dismiss the cross-claim was denied by the defendant; that thereupon petitioner filed its motion for a trial of the issue of the validity of its policy and its liability thereunder, separate and apart from the trial of the tort action alleged in the cross-claim; that this motion was not acted upon by defendant; and that the defendant thereafter entered an order setting the case for trial "by the court without a jury."

Defendant, in his answer, refers to the Rules of Civil Procedure, 18(a), 13(a) and 13(g), permitting the joinder of causes, counterclaims and cross-claims, and further alleges that "the action for declaratory judgment, filed by petitioner herein, plaintiff in the district court, was to be tried by your answering defendant prior to the trial of the action for wrongful death, but in the same action; that neither plaintiff nor defendant ever demanded a trial by jury on any of the issues framed by the complaint, the cross-complaint, and the cross-claim and that the trial of said actions together, before the court, could not, in any way, jeopardize any rights of plaintiff."

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has

against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim * * *." I.R.C.P. 13(a).

"A pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject-matter either of the original action or of a counterclaim therein or relating to any property that is the subject-matter of the original action * * *." I.R.C.P. 13(g).

"The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. * * *" I.R.C.P. 18(a).

"The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice, and may direct a final judgment upon a claim of or against one or more parties in accord-ance with the provisions of rule 54(b)." I.R.C.P. 20(b).

" * * * The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." I.R.C.P. 57.

■ Injured third parties are proper, but not necessary, parties defendant in an action brought by an insurer for a declaratory judgment determining the validity of an insurance policy, and its liability thereunder. Trinity Universal Ins. Co. v. Willrich, 13 Wash.2d 263, 124 P.2d 950, 142 A.L.R. 1; Hoosier Gas Co. of Indianapolis, Ind. v. Fox, D.C.Iowa, 102 F.Supp. 214.

■ The cross-claim in this case is not a coercive pleading under rule 13(a), because it does not arise out of the transaction or occurrence which is the subject matter of the insurer's action for declaratory relief. The subsequent tort giving rise to the cross-claim did not arise out of the transaction resulting in the issuance of the policy. The cross-pleadings allowed by rules 13(g) and 18(a) are permissive, not coercive. Hoosier Gas Co. of Indianapolis, Ind. v. Fox, supra. Cf. 3 Barron & Holtzoff, § 1269, p. 322.

■ Where an insurer acts with reasonable promptness, so that the insured and third parties are not prejudiced, the insurer is entitled to have the question of the validity of its policy, and its liability thereunder, determined prior to the trial of an action against the insured upon a liability alleged to be covered by the policy, so that the insurer may know whether it is obligated to defend the insured as provided by the policy. State Farm Mutual Auto Ins. Co. v. Superior Court, 47 Cal.2d 428, 304 P.2d 13; Trinity Universal Ins. Co. v. Willrich, 13 Wash.2d 263, 124 P.2d 950, 142 A.L.R. 1, Annotation 48; Merchants Mutual Casualty Co. v. Kennett, 90 N.H. 253, 7 A.2d 249; Hoosier Gas Co. of Indianapolis, Ind. v. Fox, D.C.Iowa, 102 F. Supp. 214; 16 Am.Jur., Declaratory Judgments, § 35. Cf. Chicago Rock Island & Pac. R. R. Co. v. Williams, 8 Cir., 245 F.2d 397; 3 Barron & Holtzoff, § 1264, pp. 282, 283. Contra, Allstate Insurance Company v. Smith, D.C.Mich., 169 F.Supp. 374.

■■ The evident purpose of the provision of rule 57 above quoted is to secure speedy disposition of declaratory actions so that prejudice will not result to those whose rights are involved.

"An insurer's duty to defend an action for negligence brought against the person insured should as a general rule, be determined before trial through proceedings for a declaratory judg-ment. (Citations) And because this is the approved procedure by which a liability insurance company may ascertain the extent of coverage without assuming the defense of the suit and thereby admitting its liability, no price is exacted from the company for taking the requisite preliminary steps, and the burden of proof rests where it would have rested if the company had defended the action." Merchants Mutual Casualty Co. v. Kennett, 90 N.H. 253, 7 A.2d 249, at page 250.

In Trinity Universal Ins. Co. v. Willrich, 13 Wash.2d 263, 124 P.2d 950, 142 A.L.R. 1, involving facts similar to those before us, the Supreme Court of Washington said that had the injured parties been permitted to proceed with their damage action,

"Respondent would * * * have been required to defend not only the tort action against Willrich, but the subsequent suit against itself as well. Under such circumstances it would not have had a satisfactory remedy for the assertion of its claim that it was no longer liable on the insurance policy previously issued to Willrich.

"In our opinion the declaratory judgments law is peculiarly adapted and intended for the settlement of controversies such as that presented here." 142 A.L.R. at p. 6.

"A determination of this obligation beforehand relieves the insurer of its dilemma in this respect and is of benefit to the injured persons since it is to their interest to discover before the issues of negligence are litigated whether there will be available as an asset of the tort-feasor the proceeds of the insurance policy. * * * Accordingly, it has been held or conceded in numerous cases that an insurer is entitled to be advised by means of a declaratory judgment whether or not it is obligated to defend and indemnify the insured against claims upon which suits are threatened or have already been brought." Annotation 142 A.L.R. 67.

In Ennis v. Casey, 72 Idaho 181, 238 P.2d 435, 28 A.L.R.2d 952, we held that relief by way of declaratory judgment was not available in a case where negligence of the defendant was the determinative issue. The decision was based upon the right of the parties to a jury trial in a negligence action. The constitutional provisions, art. 1, § 7, art. 5, § 1, secure the right of trial by jury as it existed under common law and territorial statutes in effect at the time of the adoption of the Constitution. Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351. The declaratory judgments act of 1933 granted a right and a remedy, unknown to the common law;

the right to a declaration of "rights, status, and other legal relations, whether or not further relief is or could be claimed." I.C. § 10–1201; 26 C.J.S. Declaratory Judgments § 2. Rights and remedies created by the legislature subsequent to the adoption of the Constitution are not within the protection of constitutional provisions. Hence, the trial of issues of fact incidental to the exercise of rights and remedies granted by the declaratory judgments act, are generally triable before the court without a jury. Ennis v. Casey, supra; Trinity Universal Ins. Co. v. Willrich, 13 Wash.2d 263, 124 P.2d 950, 142 A.L.R. 1; Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988; 26 C.J.S. Declaratory Judgments §§ 104, 105. In the act itself the legislature has undertaken to extend the right of jury trial to issues of fact arising in such cases, only on a permissive basis. I.C. § 10–1209. However, when issues of fact triable by jury under the common law or territorial statute, arise in declaratory proceedings, the procedure must be such as to preserve the right of trial by jury. Beacon Theatres v. Westover, supra; Sweeney v. American Nat. Bank, 62 Idaho 544, 115 P.2d 109.

The suggestion that the petitioner waived its right to a jury trial of the issue of negligence by failing to demand a jury trial of its action for a declaratory judgment, is not well taken. It could waive any

**494**

right it may have to a jury trial of the issues presented by its complaint. But it was entitled to attack the propriety of the cross-claim without waiving its right, or the right of the insured, to a jury trial of the issues raised thereby.

 We conclude that the defendant erred in refusing to dismiss the cross-claim.

Peremptory writ will therefore issue.

No costs allowed.

SMITH, KNUDSON, McQUADE and McFADDEN, JJ., concur.