368 P.2d 933

**FARMERS INSURANCE EXCHANGE, Plaintiff-Respondent,**

v.

**Woodrow W. WENDLER and Helen B. Wendler, husband and wife, and Elsa Lampert, Defendants-Appellants.**

**No. 8937.**

Supreme Court of Idaho.

Feb. 16, 1962.

Vernon K. Smith, Boise, for appellants Wendler.

Marcus & Evans, Boise, for appellant Lampert.

Elam & Burke, Boise, for respondent.

TAYLOR, Justice.

This appeal was brought by defendants (appellants) from a judgment declaring plaintiff (respondent) not liable under a policy of automobile liability insurance issued by it, for damages resulting from the negligent operation of an automobile by its insured.

The pertinent findings of the trial court are supported by substantial and competent evidence, and are summarized as follows:

Woodrow W. Wendler and Helen B. Wendler are and were husband and wife, residents of the same household. October 10, 1956, plaintiff issued a liability insurance policy to Woodrow W. Wendler as the named insured, insuring him against liability for bodily injury arising out of the "ownership, maintenance, or use of any automobile covered by this policy." A certain 1953 Ford automobile was described in the policy. Thereafter, Wendler wrecked the 1953 Ford and by endorsement, October 18, 1956, the policy was changed to describe a 1946 Ford automobile. Title to the 1946 Ford was taken in the name of Helen B. Wendler, for

fear of attachment by creditors of Woodrow W. Wendler. In 1957 the Wendlers purchased a 1955 Ford automobile. Title to this car was also taken in the name of Helen B. Wendler and for the same reason as that for which the 1946 car was placed in her name. Both cars were purchased with community funds. Both cars were thereafter operated by both husband and wife, although the husband used the 1946 Ford more than he did the 1955 Ford. The 1946 Ford was in poor mechanical condition, and in January and February, 1958, the 1946 Ford was not used by the Wendlers because they had not purchased license plates for it for that year, and because the car was in need of repair and servicing.

March 8, 1958, Woodrow W. Wendler, negligently driving the 1955 Ford, killed one Donald Von Borgen.

Thereafter, defendant Elsa Lampert, as mother and heir of Donald Von Borgen, in an action for damages, for the wrongful death of her son, recovered a judgment against Woodrow W. Wendler and Helen B. Wendler, in the sum of $6768.00.

The plaintiff herein, denying liability, refused to defend the Wendlers in the wrongful death action, and also refused an offer to compromise and settle the claim of the plaintiff in that action.

In "Item I" of the "Declarations" attached to the policy the "Named Insured"

is Woodrow W. Wendler. In paragraph III of the policy the named insured is defined as:

"(a) The term 'named insured' means the insured named in Item I of the Declarations and includes his spouse if a resident of the same household:"

In paragraph IV, "automobile" is defined in pertinent part as follows:

"(a) Except where stated to the contrary, the unqualified word 'automobile' means:

"(1) Described Automobile—the vehicle described in this policy;

"(2) Substitute Automobile—an automobile not owned by the named insured, while temporarily used as a substitute for the described automobile while the described automobile is withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction;

"(3) Non-owned Automobile—any automobile except (a) the described automobile, (b) a substitute automobile, or (c) an automobile owned by or furnished for regular use to the named insured or a member of his household except a servant; * * *".

From the foregoing findings the court concluded that both the 1946 and the 1955 automobiles were the community property of Woodrow W. Wendler and Helen B. Wendler; that the 1955 Ford was not an automobile "not owned by the named insured," and was not a substitute automobile within the terms of the policy; and that the plaintiff was not liable for any damages arising out of the death of Donald Von Borgen.

Defendants Wendlers and Lampert brought this appeal from the judgment entered in favor of the plaintiff.

█ Appellants contend that the 1955 Ford, being operated by Woodrow W. Wendler at the time of the accident, was a "substitute automobile" within the meaning of the policy and as such was covered thereby. This contention is based upon the fact that the automobile was registered and title issued thereto in the name of Helen B. Wendler. Defendants cite I.C. § 49–404. The issuance of certificate of title to the wife does not conclusively establish the title in her as separate property. Such a result is not within the intent or purpose of the motor vehicle act. There was no gift or other transfer by the husband to her and the automobile, having been purchased with community funds, became community property. I.C. §§ 32–903, 32–906.

" * * * the wife's interest in community property is a present vested estate, equal in degree, quantity, nature and extent with that of the hus-

band, except as to management and control." Anderson v. Idaho Mutual Benefit Association, 77 Idaho 373, at 377, 292 P.2d 760, 762.

■ The reason given by the parties for having the title issued in the name of the wife shows that it was done as a matter of convenience and to impede creditors, rather than to transfer the title. Cf. Swager v. Peterson, 49 Idaho 785, 291 P. 1049. The car, therefore, was not a substitute automobile within the definition of the policy. Furthermore, by the terms of the policy, Helen B. Wendler was a "named insured." Hence, even though the 1955 Ford was her separate property, it could not be a substitute automobile, because it was owned by the named insured.

■ Defendants also contend that the words "covered by this policy" relate to and modify "ownership, maintenance, or use," so that the policy should be read as including liability for bodily injury "arising out of the ownership, maintenance, or use, covered by this policy, of any automobile." We cannot so construe the policy. The definitions of "described automobile," "substitute automobile," "non-owned automobile," and "newly acquired automobile," given in paragraph IV of the policy, indicate, without ambiguity, that the policy was intended to cover only one automobile owned by the insured, and, with the exceptions specifically mentioned, it indicates a purpose to avoid covering more than one automobile for a single premium.

■ Defendants also urge that the coverage was personal to Woodrow W. Wendler and was intended to protect him against liability arising out of the operation of any automobile. In support of this proposition attention is called to the fact that the policy was issued to enable Wendler to establish "proof of financial responsibility" under the Motor Vehicle Safety Responsibility Act, as a condition to the registration of his automobile and the issuance to him of a driver's license. The purpose of the safety responsibility act is to protect the public against irresponsible drivers. Cohen v. Metropolitan Cas. Ins. Co. of New York, 233 App.Div. 340, 252 N.Y.S. 841. But, the act fails in purpose in a case such as this, for the reason that it does not require any coverage above and beyond that contained in the policy here involved. I.C. § 49–1521 of the act describes two types of policies which may be used, or certified, to establish "proof of financial responsibility." The first is an "owner's policy." This coverage is limited to the "motor vehicle or motor vehicles" described in the policy. The second is an "operator's policy." This coverage is expressly limited to "any motor vehicle not owned by him,"—the name insured.

■ It is generally held that requirements of the safety responsibility act will

**120**

be read into any policy of liability insurance issued to establish proof of financial responsibility, under the act, and that the policy will be construed to provide the coverage required by the act. Safeco Ins. Co. of America v. Gonacha, 142 Colo. 170, 350 P.2d 189; United States Cas. Co. v. Brock (Tex.Civ.App.) 345 S.W.2d 461; Aetna Cas. & Surety Co. v. Simpson, 228 Ark. 157, 306 S.W.2d 117; Gabler v. Cont. Cas. Co. (Mo.App.) 295 S.W.2d 194; Perkins v. Perkins (Mo.App.) 284 S.W.2d 603; Travelers Ins. Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421; Aetna Cas. & Surety Co. v. Anderson, 200 Va. 385, 105 S.E.2d 869; McCann for Use of Osterman v. Cont. Cas. Co., 6 Ill.App.2d 527, 128 N.E.2d 624, aff. 8 Ill.2d 476, 134 N.E.2d 302; Buzzone v. Hartford Acc. & Indem. Co., 41 N.J. Super. 511, 125 A.2d 551; American Mut. Liab. Ins. Co. v. Ocean Acc. Guarantee Corp., 87 N.H. 374, 180 A. 249; Utica Mut. Ins. Co. v. Rollason (4th cir.) 246 F.2d 105; New Zealand Ins. Co. v. Holloway (D.C.La.) 123 F.Supp. 642; Hoosier Cas. Co. of Indianapolis v. Fox (D.C. Iowa) 102 F.Supp. 214. Cf. Wildman v. Government Employees' Ins. Co., 48 Cal. 31, 307 P.2d 359; Royal Exchange Assurance v. Universal Underwriters Ins. Co., 188 Cal.App.2d 662, 10 Cal.Rptr. 686.

In this case the coverage required by the act is no broader than that provided by the policy involved.

Judgment affirmed.

Costs to respondent.

SMITH, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.