MICHAEL JAMES MULLIN AND ANOTHER v. THE
FIDELITY AND CASUALTY COMPANY OF NEW
YORK AND OTHERS.

136 N. W. (2d) 613.

July 16, 1965—No. 39,473.

*Faegre & Benson* and *Wright W. Brooks,* for appellants.

*Richards, Montgomery, Cobb & Bassford* and *Lynn G. Truesdell III,* for respondents.

SHERAN, JUSTICE.

Appeal from a judgment of the district court in favor of Michael J. Mullin and Great Northern Insurance Company and against The Fidelity and Casualty Company of New York, The Pillsbury Company, and William B. McCrea.

On October 31, 1958, McCrea sustained injuries as a result of an automobile accident which occurred when he was riding as a front-seat passenger in a motor vehicle owned by The Pillsbury Company and operated by Michael J. Mullin. The vehicle, a 1958 Ford, was described and included in a policy of insurance issued by The Fidelity and Casualty Company of New York which afforded liability coverage to The Pillsbury Company, the owner, and to any other person using such automobile with the permission of The Pillsbury Company. Mullin, the person who was operating the Ford at the time of the accident, was insured for liability by the Great Northern Insurance Company under a policy which afforded coverage while he was operating a nonowned automobile; but this policy, by its terms, was, as applied to the situation here involved, "excess insurance over any other valid and collectible insurance."

Suit for damages was instituted by McCrea against Mullin. The Fidelity and Casualty Company declined a tender of defense. This action was then instituted by Mullin and Great Northern Insurance Company, praying for a declaratory judgment determining (1) that The Fidelity and Casualty Company of New York is obligated by its policy to defend Mullin in the action brought against him by McCrea and to pay any judgment which may be entered against Mullin therein,

and (2) that the policy of Great Northern Insurance Company is excess only; that there is valid and collectible insurance under the Fidelity policy sufficient to cover the claim of McCrea; and that Great Northern Insurance Company is not obligated to continue further in the defense of Mullin in the action brought against him by McCrea.

By answer, The Pillsbury Company and The Fidelity and Casualty Company acknowledged the existence of a policy of insurance with coverage adequate in amount to cover the asserted claims of McCrea against Mullin issued to Pillsbury as named insured and in force and effect at the time of the accident. They contended, however, that coverage under this policy did not apply to Mullin because the insured vehicle had been placed in the possession of McCrea by Pillsbury for use in his work for that concern with specific instructions that he was not to let anyone else drive this automobile. Fidelity contended that McCrea was violating these instructions when he permitted Mullin to drive the car at the time and place of the accident and that, this being the case, Mullin was not an insured within the meaning of this provision of the Fidelity policy:

"*Definition of Insured.* The unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *."

In their answer Fidelity and Pillsbury prayed that a declaratory judgment issue determining that Mullin was not using the automobile in question with the permission of Pillsbury and so is not entitled to coverage as an insured under the Fidelity policy for any liability to McCrea on account of the October 31, 1958, accident.

The matter was tried before the court without a jury. It found as facts—

"V. That at the time The Pillsbury Company gave defendant William B. McCrea the custody, possession and control of [the insured] vehicle, one of the company representatives told McCrea that only he could operate the car.

"VI. That on October 31, 1958, McCrea drove the Pillsbury vehicle to a Hallowe'en party near Gray's Bay on Lake Minnetonka with plaintiff Michael James Mullin as a passenger. That after spending some time at the party, McCrea and Mullin decided to leave the party to pick up Mullin's girl friend. That because McCrea's eyes were causing him some discomfort as a result of eye drops administered to him that afternoon, and as a result of an excessive amount of smoke in the room where the Hallowe'en party was being held, McCrea asked Mullin to drive the Pillsbury car. That Mullin did so, and McCrea seated himself in the front seat on the right-hand side. That when the vehicle reached Navarre, Minnesota, McCrea and Mullin decided not to pick up Mullin's girl but rather to proceed home to Minneapolis.

"VII. That on October 31, 1958, at approximately 9:30 P.M., and while proceeding homeward, the said vehicle, with Mullin driving and McCrea riding as a passenger in the front seat, went off the road several miles west of Wayzata, Minnesota, near Orono, Minnesota, on County Highway Number 15, and struck a tree."

Personal injuries caused by this collision gave rise to the cause of action by McCrea against Mullin which, in turn, engendered the justiciable controversy between the two insurers.

The trial court concluded that Mullin was entitled to coverage under the Fidelity policy and that his protection under the Great Northern policy was excess only.

On appeal the single question for decision is whether Mullin can be properly considered an "insured" within the meaning of the Fidelity policy in view of the findings, not here contested, that Pillsbury gave possession, custody, and control of the vehicle involved to McCrea to use in his employment and also for his own personal driving needs as his own car and as a family car, but subject to the instruction that only McCrea could operate it.

Fidelity and Pillsbury argue that we should accept the reasoning of Prisuda v. General Cas. Co. 272 Wis. 41, 74 N. W. (2d) 777, where the Wisconsin Supreme Court was called upon to determine the meaning of the phrase "provided the actual use of the automobile is by the named insured or with his permission." It held that coverage was not

afforded the operator of a motor vehicle using it with the permission of the son of the named insured when the named insured, in entrusting possession of the vehicle to her son, directed specifically that he was not to let anyone else drive the car on the trip which he was taking. In response to the argument made in that case that an implied permission was to be found because the son had requested the operator to drive the vehicle at the time and place of the accident only because the son himself had become tired and nervous, the court said (272 Wis. 51, 74 N. W. [2d] 782):

"* * * In the present circumstances were it to be considered that an emergency had been created, Mrs. Allen would have been entitled to have been notified of it in order that her direction could be obtained. It does not appear that any effort was made to communicate with her or that it was impossible to do so. The proof falls short of establishing implied consent because of emergency."

We do not have any Minnesota decision directly in point. However, we have had several cases which have construed the phrase *"operated * * * by any person other than the owner, with the consent of the owner, express or implied,"* as used in our Safety Responsibility Act, Minn. St. 170.54. (Italics supplied.) In Patterson-Stocking, Inc. v. Dunn Bros. 201 Minn. 308, 276 N. W. 737, it was held that when the accident occurs at a time or place beyond the extent to which consent to the use of the car was given, the statute does not apply. In Ranthum v. Sterling Motor Co. 202 Minn. 209, 277 N. W. 547, it was held that the Safety Responsibility Act did not apply in a situation where a vehicle owner gave possession of a company car to one of its salesmen for demonstration purposes with express instructions that he was to return it before midnight and the employee, disobeying the instructions, was involved in an accident at 2:30 the next morning. And in Truman v. United Products Corp. 217 Minn. 155, 14 N. W. (2d) 120, it was held that a vehicle was not being operated with the consent of the owner when the employee driving it, although he had been given its possession with permission to drive the vehicle home from work and return it the next morning, made use of it at a place not on the permitted route.

Plaintiffs, on the other hand, urge that the decision of the Wisconsin

Supreme Court in Prisuda v. General Cas. Co. *supra,* stands virtually alone in holding that there is no permitted use of an automobile in a situation where the permittee, although instructed not to permit another to drive the vehicle, was accompanying the person driving at the time of the accident. They contend that the following cases support their position: Glens Falls Ind. Co. v. Zurn (7 Cir.) 87 F. (2d) 988; Hardware Mutual Cas. Co. v. Mitnick, 180 Md. 604, 26 A. (2d) 393; Loffler v. Boston Ins. Co. (Mun. Ct. App. D. C.) 120 A. (2d) 691; Freeman v. Nationwide Mutual Ins. Co. 147 Conn. 713, 166 A. (2d) 455; Indemnity Ins. Co. v. Metropolitan Cas. Ins. Co. 33 N. J. 507, 166 A. (2d) 355; Allstate Ins. Co. v. Fidelity & Cas. Co. 73 N. J. Super. 407, 180 A. (2d) 168; Metcalf v. Hartford Acc. & Ind. Co. 176 Neb. 468, 126 N. W. (2d) 471; Hanover Ins. Co. v. Miesemer, 42 Misc. (2d) 881, 249 N. Y. S. (2d) 87. Note, also, Annotation, 160 A. L. R. 1195.

We do not find it necessary to hold categorically that a person is using an insured vehicle with the permission of the owner when the user is given possession of it by a bailee instructed specifically by the owner not to permit anyone else to operate it. In view of the general authority extended by Pillsbury to McCrea with respect to the use of this car for his own personal driving needs, as his own car and as a family car, it is inferable that Pillsbury in telling McCrea that only he could operate the car did not intend the restrictive instruction to apply to a situation such as that described in paragraph VI of the findings of fact. It is reasonable to assume that the restrictive instruction was given because Pillsbury wished that the use of the car be limited to those situations where McCrea was present in the vehicle and able, by reason of being there, to direct the manner of its operation. At the time this accident occurred, McCrea actually was using it in the sense that he was present in the car, and, except for the minute details of its operation, was able to control the purpose of the trip and the route to be followed.

In Lange v. Potter, 270 Minn. 173, 132 N. W. (2d) 734, we held that under our Safety Responsibility Act it is the public policy of Minnesota to disregard oral admonitions of the type here involved regard-

ing the driving of a car where the bailee is in the car at the time of the accident. It is true that in the Lange case the person to whom a restrictive-use permission had been given was a minor child of the owner and that here the bailee of the car was an employee only. We have concluded that this distinction does not justify a more restrictive definition of the phrase "use of the automobile" as it appears in the policy than the definition given the phrase "operated * * * with the consent of the owner" appearing in the Safety Responsibility Act, § 170.54, and considered in Lange v. Potter, *supra*.

For this reason, we are agreed that the determination of the trial court should be affirmed.

Affirmed.