CASCADE INSURANCE COMPANY, AND MILBANK MUTUAL INSURANCE CO., PLAINTIFF AND RESPONDENTS, *v.* GLACIER GENERAL INSURANCE COMPANY, RICHARD DANIELS, ET AL., DEFENDANTS AND APPELLANTS.

No. 11734.
Decided Jan. 4, 1971.
479 P.2d 259.

Knight, Dahood & Mackay, Anaconda, David M. McLean, argued, Anaconda, for appellants.

Corette, Smith & Dean, Butte, R. D. Corette, Jr. argued, Butte, for respondents.

MR. JUSTICE DALY delivered the Opinion of the Court.

This is a declaratory judgment action by plaintiff Cascade Insurance Company, hereinafter referred to as Cascade, against Glacier General Assurance Company, et al., hereinafter referred to as Glacier General, to resolve a coverage question under an omnibus clause contained in Glacier General's liability policy. The omnibus clause extends coverage to any person using or operating an insured automobile with the consent of the named insured. If the person using the insured vehicle in this case was a "permitted user" and entitled to coverage and a defense, then Cascade would be liable only as an excess carrier, if any.

Trial was had before the district court without a jury and from an adverse judgment Glacier General moved to amend the findings of fact and conclusions of law and for a new trial. After these motions were denied, Glacier General appealed from the final judgment.

Betty M. Roark, the registered owner and named insured under Glacier General's liability policy obtained the automobile for her minor son, Dean Patrick Roark, age 18, as a principal user while he attended college in Dillon, Montana.

Mrs. Roark testified that her son was listed as the principal user and a higher premium rate was paid therefor. Both Mrs.

Roark and her son testified that he was told by his mother not to loan out the car while at college.

Dean Patrick Roark, James Waylett and Douglas Daniels were close college friends and had made arrangements to share an apartment at Dillon. On December 8, 1966, while all three were together, Roark and Waylett arranged to go to Billings and permission was granted Douglas Daniels by Roark to use Roark's automobile in their absence. Daniels had been permitted the use of the automobile one time prior to this date by Roark. There is a conflict in the testimony as to whether the permission for the use of the automobile was restricted to the city of Dillon.

The day following, on December 9, 1966, Douglas Daniels while proceeding from Dillon to Missoula in the Roark automobile, accompanied by two college friends, became involved in an accident which demolished the automobile and injured the passengers. As a result of this accident Joseph L. Peterson, one of the passengers, brought a personal injury suit against Douglas Daniels.

Douglas Daniels, a minor aged $18\frac{1}{2}$ at the time of the accident, is the son of Richard Daniels, insured by Cascade. Its policy provides liability coverage for a non-owned automobile driven by any relative of Richard Daniels. Coverage is expressly limited to such non-owned automobiles driven with the express consent of the owner of the automobile.

The findings of the trial court briefly stated were: that on December 9, 1966, Dean Patrick Roark offered to loan his automobile to Douglas Daniels; that Roark controlled and had broad dominion over the automobile; that no restrictions were placed upon the scope of permission or use of the automobile and as a matter of law Douglas Daniels had permission to use the automobile owned by Betty Roark at the time and place of the accident; that under the provisions of the respective insurance policies Glacier General is obligated to provide primary insurance coverage to the extent of its policy

limits for Douglas Daniels and provide him with a defense; that Cascade must afford excess coverage over and above that afforded by Glacier General to the extent of its policy limits.

We recognize the conflict in the testimony concerning any limitation as to the scope of the use by Douglas Daniels when he was loaned the automobile by Patrick Roark. However, the testimony of Daniels and the letter from James Waylett (deceased at time of trial) indicating no restrictions as opposed to Roark's testimony, is in our view substantial evidence to support the trial court's findings on this point. Strong v. Williams, 154 Mont. 65, 460 P.2d 90.

This leaves as the controlling issue to be decided under the fact situation presented here: Whether, as a matter of law, Douglas Daniels was a "permitted user" under the omnibus clause of the policy issued to Mrs. Betty Roark by Glacier General.

Cascade and Glacier General argue in their briefs that Montana by statute, section 53-438, R.C.M.1947, requires insurance companies to include an omnibus clause in the following language:

"(b) Such owner's policy of liability insurance: * * * (2) shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles *with the express or implied permission of such named insured,* against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle * * *." (Emphasis supplied.)

In its reply brief Glacier General modified its contention to the extent that the statutory requirement is contained in the Motor Vehicle Financial law and consequently only required under that section. It argues further there is no evidence in the record to indicate that Glacier General must comply in this case and set forth Glacier General's omnibus clause as follows:

"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability, the unqualified word 'insured' includes the named insured and, if the named insured is an individual his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization, legally responsible for the use thereof, provided the actual *use* of the automobile is by the named insured or such spouse or with the permission of either." (Emphasis added.)

Glacier General's contention is correct; however, this does not answer our problem here.

This being a case of first impression in this Court both parties have relied heavily on Judge Jameson's discussion in National Farmers Union Property & Cas. Co. v. State Farm Mut. Auto. Ins. Co., 277 F.Supp. 542 (D.Mont.1967). In that case Judge Jameson suggests the following from 7 Am.Jur.2d, Automobile Insurance §§ 116, 117, p. 431, to be a well summarized treatment of the general rules to be applied to the construction of omnibus clauses:

"It has been frequently stated that, as a general rule, the permission given by the named insured to another to use the named insured's car does not authorize the permittee to allow a third party to use the car, and that if the permittee does allow a second permittee to use the car, such use is not 'with the permission of the named insured' as those words are used in the omnibus clause. However the effect of this strict rule has been greatly diluted by reason of the fact that many of the courts recognizing the rule have substantially modified it by stating that in every case where the first permittee permits another to use the insured automobile, a factual determination must be made, whether the initial grant of permission was broad enough to include an implied grant to the permittee of authority to give another use of the automobile and thus render the latter an additional insured under the omnibus clause. Many courts have even gone one step further

and hold that where the named insured grants his permittee broad and unfettered dominion over his insured automobile he also impliedly authorizes his permittee to allow a third person to use it, thus rendering the latter an additional insured.

"* * * The adoption of a more liberal rule than the so-called 'general rule' is no doubt due, in large part to the use of many automobiles as 'family cars.' Although, it is generally the husband who is the named insured, the wife frequently has equal access to or control of the car and it would be necessary to close one's eyes to reality to say that the wife does not have implied authority to permit the use of the car by a third party because technically she is only a permittee herself. The courts have recognized this status of the wife in a number of cases. * * * In the case of a minor child or relative of the named insured, however, the courts are understandably more reluctant to find implied authority to permit the use of the car by a third party. Where a car is purchased by the insured for the exclusive use of a minor, there is a split of authority between those courts holding that authority to delegate permission will be assumed from the fact that the permittee has general custody of the car and those holding that no such authority will be implied * * *

"The 'general rule' that a permittee may not allow a third party to 'use' the named insured's car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is 'operating' the car for the 'use of the first permittee', and that such 'use' is within the coverage of the omnibus clause. While some courts apparently would limit this qualification of the general rule to situations where the named insured has not been

specifically forbidden driving by a third person, it is more generally held that operation by a third person under such circumstances falls within the protection of the omnibus clause even where such operation is specifically forbiddden by the named insured."

In *National Farmers* Judge Jameson stated: "We start with the premise that an 'omnibus clause, for reasons of public policy, is to be liberally construed'" and approved the language of Jurd v. Pacific Indemnity Company, 57 Cal.2d 669, 703, 21 Cal.Rptr. 793, 795, 371 P.2d 569, 571:

"Provisions for omnibus coverage in an automobile liability insurance policy reflects a legislative policy to protect the public when a motor vehicle is operated by one other than the insured owner with his consent. * * * In those jurisdictions where the insertion of an omnibus clause is required by statute in a liability insurance policy, it is liberally construed so as to effectuate the manifest public policy of broadening the insurance coverage."

Commenting that Montana has such a statute, section 53-438, R.C.M.1947, Judge Jameson further stated:

"In the absence of a Montana case construing the omnibus clause in determining whether a vehicle is driven with the express or implied permission of the insured, I assume that the Montana court would adopt the so-called 'liberal' rule followed in State Farm Mutual Automobile Insurance Co. v. Williamson [9 Cir. 1964, 331 F.2d 517]."

In *Williamson* the Court of Appeals for the Ninth Circuit quoted with approval the following language of a New Jersey case, Baesler v. Globe Indemnity Co., 1960, 33 N.J. 148, 162 A.2d 854, 856, 857:

"Thus, it is almost universally held in the modern cases that where the named insured grants his permittee broad and unfettered dominion over his insured automobile, he also impliedly authorizes his permittee to allow a third person to use it, and thus to render him an additional insured.

[Authorities Cited] The first permittee, by being granted complete dominion over the insured automobile, is put in the shoes of the named insured, and therefore his permittee is held to be the named insured's permittee."

In *Williamson* the circuit court further said:

"If an owner reasonably should anticipate that his permittee will put the car to a particular use, permission to operate the car, without more, can be found to encompass permission for that use.'"

Glacier General relies almost entirely upon Judge Jameson's opinion and cited authority in National Farmers Union Property & Cas. Co. v. State Farm Mut. Auto. Ins. Co., supra, and argues persuasively for a strict construction here, based on the facts presented in that case and urging the coverage exists only on a finding of the second permittee serving a "purpose of the original permittee".

Cascade argues that Judge Jameson in *National Farmers* tended to speak out for a more liberal construction particularly in states with statutory authority indicating a legislative intent to broaden insurance coverage as a matter of public policy to protect the public, particularly in cases of family relations where complete unfettered dominion is granted by the insured.

A close examination of *National Farmers* and all cited authority therein, reveals a definite trend toward liberalization, especially in states with a statutory mandate, as in Montana. Each case must be examined on its own facts, considering the extent of the dominion granted to the first permittee, together with the reasonable foreseeability of the particular use to which such permittee puts the automobile. The relationship of the parties becomes a factor to consider. These considerations become necessary since the strict prohibition not to loan an automobile is now viewed as an admonition with reasonable exceptions.

Judge Jameson, in *National Farmers*, 277 F.Supp. at p. 550,

recognized the exception of beneficial use in his fact situation and strongly inferred a more liberal interpretation in the following language:

"Under the circumstances, it is reasonable to assume that Barbara's parents would have approved the arrangement and authorized Patricia to operate the car had permission been requested in advance."

In the instant case our facts reveal a contract of insurance, drawn by the insurance company, the terms of which are so fluid that it vests the insured with the authority to determine who shall be the beneficiary of the contract. It requires no notice or that any other condition be met. It can be extended to any number of persons at any time without any advance in price or consideration. The election to confer or withhold the benefit can be made orally after the occurrence of the accident; therefore, increased risk or expanded exposure could not be a factor for consideration. Rather, public policy would demand that only those the insured knowingly wished to  exclude would be denied benefits, viewed at the time any restriction is placed on the use.

Under our fact situation, it is highly questionable that there was an intention by the insured to deny insurance benefits as opposed to the protection and conservation of a valued asset at the time the instructions were given not to loan the automobile, any more than it could be reasonably assumed that the insured would intend to withhold benefits from the first permittee, Pat Roark, if he were prohibited the use of the automobile for 30 days for disciplinary purposes and this prohibition was violated and an accident occurred.

The use to which the first permittee put the automobile in a loan to a college friend with whom the first permittee was to share an apartment was a reasonably foreseeable use to be anticipated by the insured. Considering the family relationship between the insured and the first permittee, together with the unfettered dominion over the automobile away from

home, this insured clothed the first permittee with the ostensible authority to engage in the simple transaction of permitting a friend to use the automobile. This is true particularly when it was not shown that any restrictions were within the knowledge of the second permittee and, in fact, he had used the automobile on at least one other occasion.

Finally, we must also be mindful of the victims of a driver's negligent actions however remote they may be to the consideration of the insured inasmuch as the legislature has seen fit to consider their plight by the enactment of section 53-438, R.C.M.1947.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, CASTLES, and JOHN C. HARRISON, concur.