766 P.2d 1272

Randy JENNINGS and Doreen Jennings, husband and wife, Plaintiffs–Appellants,

v.

Irene EDMO and Linda Gould, Defendants–Respondents,

and

Dennis L. Hildreth, also known as Dennis L. Johnson, Defendant.

No. 16997.

Court of Appeals of Idaho.

Dec. 28, 1988.

Monte R. Whittier of Whittier & Souza, Pocatello, for plaintiffs-appellants.

Mark B. Clark of Clark and Clark, Pocatello, for defendants-respondents.

SWANSTROM, Judge.

Summary judgment was granted in favor of Irene Edmo and Linda Gould in a suit for damages resulting from a two-vehicle accident near Pocatello, Idaho, in May 1986. The accident occurred when a vehicle, purportedly owned by Irene Edmo and Linda Gould, but driven by Dennis Hildreth, failed to stop at a controlled intersection and struck a vehicle driven by Randy Jennings. The Jennings' car was destroyed. Randy Jennings was injured severely. Jennings (we will refer to the plaintiffs in the singular) sued the owners, as well as the driver, alleging that the owners were liable for damages because the driver's negligence is imputed to the owners under I.C. § 49–1404. The owners moved for summary judgment, arguing that they were not liable under the statute because Hildreth did not have their permission to operate the vehicle. The district judge agreed. Although judgment was entered against the driver for Jennings' damages, the district judge dismissed the complaint as to the owners. Jennings has appealed. He contends that there is a triable issue of fact as to whether Hildreth was operating the vehicle with the owners' permission at the time of the accident. We affirm.

■ On review of a grant of summary judgment, the appellate court must determine whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Where a jury has been requested, this determination is to be made by construing all the facts available on the record, together with all reasonable inferences from the evidence, in the light most favorable to the party opposing the motion for summary judgment. *Bennett v. Bliss*, 103 Idaho 358, 647 P.2d 814 (Ct.App.1982). In light of this rule, we state the essential facts from the record as follows.

The vehicle in question was purchased by eighty-four year old Irene Edmo to be used by her grandchildren, Linda and Boyd Gould, in chauffeuring her and in running errands for her benefit. Linda Gould's name, as well as Edmo's, appeared on the

title and registration as an owner. Accordingly, we will refer to these two parties as the "owners" of the Edmo vehicle. Edmo had not driven for many years. The vehicle was used primarily by Boyd Gould who lived with Edmo. It is apparent that Edmo allowed Boyd Gould to have unrestricted use of the vehicle.

During the evening of May 8, 1986, while driving Edmo's vehicle in Blackfoot, Idaho, Boyd Gould was arrested and charged with driving under the influence of intoxicants. At the time of his arrest, Boyd Gould was accompanied by two passengers. Before leaving the scene of the arrest, Boyd Gould told the arresting officer that his girl friend, Violena Waterhouse, one of his passengers, could drive the car. The officer determined that she was not intoxicated and allowed her to take the car. Boyd Gould was then taken to the Bingham County jail where he remained incarcerated until May 12.

Waterhouse retained control of Edmo's vehicle and used it for the remainder of May 8 and into May 9. Some time during the evening of May 9, Waterhouse met Dennis Hildreth at a bar. In the course of the evening's revelry, Waterhouse turned over operation of Edmo's vehicle to Hildreth. Shortly thereafter, Hildreth collided with the vehicle driven by Jennings. Hildreth's blood alcohol content was measured at .25 percent after the accident. He had no license to drive and no insurance.

■ Under I.C. § 49–1404 the owner of a vehicle may be liable for the negligence of a party operating that vehicle with the owner's permission:

1. Responsibility of owner for negligent operation by person using vehicle with permission—Imputation of negligence. Every owner of a motor vehicle is liable and responsible for the death of or injury to a person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, expressed or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.

In its grant of summary judgment, the district court looked to the Idaho case of *Butterfield v. Western Casualty and Surety Co.*, 83 Idaho 79, 357 P.2d 944 (1960). In *Butterfield* the Idaho Supreme Court interpreted the extent of liability coverage for damages caused by a third-party operator under the vehicle owner's insurance liability policy. The district court found the meaning of "permission" as interpreted in *Butterfield* under an insurance omnibus clause to be the same as that used for imputing negligence under I.C. § 49–1404. *Butterfield* recognized that a general grant of unrestricted permission by a vehicle owner to a permittee without any limitation by the owner against a third party operating the vehicle, allowed the permittee by implied permission to grant or delegate authority to sub-permittees to operate the vehicle. The court in *Butterfield*, however, limited the scope of this implied permission to the use of the vehicle by the sub-permittee which served a purpose, benefit or advantage of the original permittee.

■ The district court then noted that the permission at issue with Hildreth's operation of the vehicle was beyond the scope allowed in *Butterfield*. First, Hildreth was not a sub-permittee who was granted authority by the original permittee, Boyd Gould. Second, from the facts presented, the court could not reasonably infer that Hildreth was driving the vehicle to serve some purpose, benefit or advantage of Boyd Gould. In the words of Hildreth, he and Violena Waterhouse were driving around "just for a joy ride." The court concluded that no issue as to any material fact existed, that even in construing the facts in favor of Jennings, Hildreth did not come within I.C. § 49–1404 as a driver who was operating a vehicle with the express or implied permission of the owner.

Jennings contends that the district court erred in holding as a matter of law that Hildreth was operating the vehicle without the permission of Edmo. Jennings argues that Edmo's grant of unrestricted permission to Boyd Gould to operate the vehicle

raised a question of fact regarding whether permission to operate the vehicle, was impliedly granted to Hildreth. We disagree.

Although a question of fact may exist with respect to whether a vehicle was operated with the implied permission of the owner, *Steele v. Nagel,* 89 Idaho 522, 406 P.2d 805 (1965), we determine as a matter of law from the facts presented that Hildreth, as a third-level permittee, did not have implied permission of the owners to operate the automobile. In order to raise a question of fact, Jennings must present a showing which establishes an inference of implied permission from Edmo's original grant of authority. Jennings has failed to raise even the inference of permissive use by Hildreth. The broad initial grant of authority by Edmo, together with the mere operation of the vehicle by Hildreth at the time of the accident is not sufficient to raise a question of fact regarding the implied permission to operate Edmo's vehicle.

Boyd Gould, the grandson of Edmo, is the only person who had express permission from the owners to drive the car. When Boyd Gould was arrested for driving under the influence he turned the keys over to his girl friend, Violena Waterhouse. Because Boyd Gould's use of the automobile was not restricted by the owners, we could presume under *Butterfield* that the owners might permit him to allow some third person to operate the vehicle if the need arose. Arguably, then, Waterhouse might be a person who can be said to have the implied permission from the *owners* under the circumstances of Boyd Gould's arrest. At least such permission might reasonably exist for the purpose of returning the car to Boyd Gould's home or to return Waterhouse to her home. However, Waterhouse's use of the car went beyond any such imputed permission. During a joy ride on the second day Waterhouse had the car, she turned its operation over to Hildreth, whom she happened to meet in a bar. As noted earlier, Hildreth had no driver's license. Hildreth was not related to the owners or to Boyd Gould. In fact, *neither* the owners nor Boyd Gould knew him. In short, there was no relationship between Hildreth and the owners or Boyd

Gould that would give rise to any inference of permission from the *owners* to drive the automobile. Likewise, there were no circumstances attendant to Hildreth's and Waterhouse's use of the automobile which would raise such an inference. *Compare Farm Bureau Mutual Ins. Co. of Idaho v. Hmelevsky,* 97 Idaho 46, 539 P.2d 598 (1975) and *Steele v. Nagel, supra.*

A mere showing that an owner has granted unrestricted authority to one permittee will not establish a chain of liability for every subsequent sub-permittee. Here, no reasonable inference can be drawn that implied permission existed from the owners to allow operation of the vehicle by Hildreth. Irene Edmo and Linda Gould were entitled as a matter of law to dismissal of the suit against them. Accordingly, we affirm the summary judgment.

Edmo has requested attorney fees on appeal in accordance with I.C. § 12–121; I.A.R. 41. After a consideration of Edmo's arguments we do not find that this appeal was brought unreasonably or without foundation. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). Accordingly, we decline to award attorney fees. Costs to respondents.

WALTERS, C.J., and BURNETT, J., concur.