**Gordon ROBERTS and Carol Roberts, Plaintiffs-Appellants,**

v.

**JERSEY INSURANCE COMPANY OF NEW YORK, a Corporation, Pacific Insurance Company of New York, a Corporation, and Bankers and Shippers Insurance Company of New York, a Corporation, Defendants-Respondents.**

**No. 33661.**

St. Louis Court of Appeals, Missouri.

July 28, 1970.

Sherman Landau, St. Louis, for plaintiffs-appellants.

Heneghan, Roberts & Godfrey, George F. Kosta, St. Louis, for defendants-respondents.

DOWD, Judge.

In this court-tried case, plaintiffs, who are husband and wife, seek judgment against defendant insurance companies based on a prior judgment against an uninsured motorist. This suit is brought under the uninsured motorist provisions of an automobile liability policy sold to plaintiffs by defendants on April 16, 1965. On November 8, 1965 plaintiff Carol Roberts was allegedly injured in an auto collision between an auto operated by Walter Wright in which she was a passenger and an auto operated by Ernest Downs, an uninsured motorist. On April 20, 1966, plaintiff Carol Roberts instituted suit against Downs and Wright for personal injuries. The case was tried before a jury and resulted in a verdict and judgment against Downs, the uninsured motorist, in the sum of $3,000 and in favor of Wright against Carol Roberts. No appeal was perfected from this judgment which was rendered February 15, 1967. Thereafter, on March 30, 1967, a second suit was filed on behalf of Gordon Roberts against Downs and Wright to recover for expenses incurred by him and for loss of consortium. This case was also tried to a jury, resulting in a verdict on March 7, 1968, in favor of both defendants. Gordon Roberts appealed but later dismissed the appeal.

Prior to the trial of Carol Roberts' case, she and her attorney knew that Ernest Downs was uninsured. However, plaintiff Carol Roberts stated that she and her husband did not know that their own automobile liability insurance provided for unin-

sured motorist coverage until after the two cases had been tried.[1]

This case was filed September 6, 1968 and plaintiffs seek to recover against defendants the amount of the prior judgment against the uninsured motorist Downs in the sum of $3,000; expenses of trial in the sum of $297.10; medical payments of $295.64; interest; attorney fees and 10% damages for vexatious refusal to pay under Section 375.420 V.A.M.S.

Defendants Pacific Insurance Company of New York and Bankers and Shippers Insurance Company of New York deny they issued any insurance policy to plaintiffs.

By separate answer defendant Jersey Insurance Company of New York (hereinafter Jersey) admits selling to plaintiffs the policy on which the suit is based and admits that the policy was in full force and effect on November 8, 1965, the date of the accident and admits that the policy contained uninsured motorist coverage. Defendant Jersey further pleads in its answer that plaintiffs failed to comply with the following provisions and conditions precedent provided in the policy: (1) failure to secure written consent from defendant for plaintiffs to prosecute their actions against the uninsured motorist Downs; (2) failure to give notice of the accident of November 8, 1965, "as soon as practicable" in that the defendant first received notice on or about May 28, 1968; (3) failure to forward immediately to defendant a copy of the summons and complaint filed against Downs; and, (4) failure to file proof of claim with respect to medical payment coverage "as soon as practicable."

In Carol Roberts' trial against Downs and Wright there were two witnesses to the auto collision who were not called to testify nor did the doctor who examined the plaintiff for defendant Wright testify. The record does not disclose whether these witnesses testified in the second trial involving Gordon Roberts' case. Downs was represented by an attorney in both trials. The first written notice of the auto accident of November 8, 1965 was given by plaintiffs to defendants on or about May 28, 1968 in the form of an undated letter from plaintiffs' attorney. Several days prior to May 28, 1968, plaintiffs' attorney had a telephone conversation with defendants' adjuster about the accident and claim. Thereafter, on or about June 26, 1968, plaintiffs executed a "Non-Waiver Agreement" whereby defendant Jersey agreed to make an investigation, but reserved its right to deny any liability under its policy because of "late notice" to the defendant Jersey. On August 20, 1968, the defendants' adjuster wrote a letter to plaintiffs' attorney denying the claim and cited a provision of the uninsured motorist coverage which provided that " * * * No judgment * * * shall be conclusive as between the insured and the company of the issues of liability * * * or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to any action prosecuted by the insured with the written consent of the company."

First, the trial court dismissed plaintiffs' cause of action with prejudice as to defendants Pacific Insurance Company of New York and Bankers and Shippers Insurance Company of New York giving as its reason in the memorandum opinion: " * * * It is quite evident that under the express terms of the policy that Jersey is the insurer (defendant Jersey admits issuing the policy in its answer) and that the other two companies' names appear on the cover sheet for convenience in using the same form when writing similar policies. * * * " Plaintiffs make no claim that this dismissal was error.

The trial court then found against the plaintiffs as to defendant Jersey on the

---

1. Although uninsured motorist coverage was available prior to 1967, mandatory uninsured motorist coverage was enacted by the Missouri Legislature effective October 13, 1967, Section 379.203 V.A. M.S.

pleaded defense that they had failed to comply with the notice requirements set forth under "conditions", particularly condition 3 which provides in part:

"If, before the company makes payment of loss under Part IV (uninsured motorist coverage), the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative."

Plaintiffs appeal.

■ This case having been tried by the court without a jury our review under Civil Rule 73.01, V.A.M.R. is de novo on both the facts and the law, limited, however, to the specific matters urged on appeal by plaintiffs. DeBow v. Higgins, Mo., 425 S.W.2d 135[2]. We may set aside the judgment only if it is clearly erroneous. Civil Rule 73.01(d), V.A.M.R.

Therefore, we direct our attention to plaintiffs' two allegations of error: (1) The court erred in ruling and holding that the defendant insurance companies had the right, under the laws of Missouri, to permit a prohibition against plaintiffs' resorting to the courts without the written consent of the defendant insurance companies. (2) The trial court erred in holding and ruling that the defendant insurance companies did not waive all other defenses when they denied plaintiffs' claim upon the sole ground that plaintiffs had failed to secure the written consent of the insurers to resort to the courts for remedy. We shall consider point (2) first.

■ In point (2) the plaintiffs state that the defendants denied plaintiffs' claim upon the sole ground that plaintiffs had failed to secure the written consent of the insurers to resort to the courts for remedy.

This is an inaccurate statement as to the basis for defendant Jersey's denial of liability. In defendant Jersey's letter of August 20, 1968, it denied the claim and cited a policy provision which provided that no judgment shall be conclusive as between the insured and the insurer on the issues of liability or damages unless the judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.

Did the insurer waive policy defenses as to notice by this letter of August 20, 1968? We hold that it did not.

The first written notice of this claim was an undated letter from plaintiffs' lawyer to defendant Pacific Insurance Company of New York and stamped received May 28, 1968 in the St. Louis office. This letter advised the insurance company of the two lawsuits which had been tried against uninsured motorist Downs and Wright. The letter stated that plaintiff Carol Roberts' case against Downs and Wright was filed on April 20, 1966 and tried on February 14 and 15, 1967 and resulted in a verdict for Carol Roberts for $3,000 against Downs and in favor of Wright. The letter then stated that plaintiff Gordon Roberts filed suit against both defendants Downs and Wright on March 30, 1967 and was tried on March 4–7, 1968 and resulted in a verdict in favor of both defendants. Admitted into evidence was an Automobile Accident Or Loss Notice report bearing a received stamp dated May 28, 1968 which was signed by plaintiff Carol Roberts and set out some of the details of the collision of November 8, 1965.

The plaintiffs' attorney reviewed the non-waiver agreement and the plaintiffs, after consulting their attorney, executed this agreement on June 26, 1968. This agreement stated that " * * * the said assured is claiming benefits under the said policy but the said company contends, or may later contend, that the assured is not entitled to such benefits in view of the fact

that *Late notice to company.*" (Emphasis ours.)

Defendant Jersey agreed in view of the non-waiver agreement to investigate the accident "without prejudice to the rights of the said company, and that no action heretofore or hereafter taken by the company shall be construed as a waiver of the right of the company to deny liability * * * ."

Later the defendant denied liability by its letter of August 20, 1968 citing a provision of the uninsured motorist coverage of the policy which provided:

" * * * No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive as between the insured and the company of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to any action prosecuted by the insured with the written consent of the company."

Here it is clear that there was no waiver of defenses as is evident by the non-waiver agreement. Here the plaintiffs specifically agreed that Jersey had the right to investigate the accident without prejudice to the rights of the insurance company. Included in these rights are the policy defenses as to notice which are asserted by the defendant in its answer. While it is true that the non-waiver agreement predated by about two months the letter denying liability, it is clear that it was the intentions of the parties that the defendant had a right to preserve all policy defenses available to it.

However, the important thing here is that the trial court ruled this case on the first defense asserted by the defendant, i.e., late notice to company. The defendant specifically asserted the *"late notice to company"* defense in the non-waiver agreement which states: " * * * the said company contends, or may later contend, that the assured is not entitled to such ben-

efits in view of the fact that Late notice to company." The defendant then asserted the late notice defenses in its answer. The defendant specifically pleaded the failure of the plaintiffs to comply with condition 3 of the policy which is a part of the notice provision which requires the insured to forward immediately to the company the copy of the summons and complaint in connection with any legal action for bodily injuries. The contention is without merit.

In the first point relied on plaintiffs state that the trial court erred in ruling and holding that the defendant insurance companies had the right, under the laws of Missouri, to permit a prohibition against plaintiffs resorting to the courts without the written consent of the insurance companies. Our answer to this contention is that it is clear from the memorandum opinion that the trial court did not rule that the defendant insurer had the right to prohibit the plaintiffs from resorting to the courts without consent of the defendant. The trial court decided this case on the pleaded defense of the notice requirement which is set out under condition 3 of the policy.

Here the plaintiffs failed to comply with the notice provision as set out in condition 3 of the policy and pleaded in defendant's answer. This identical policy condition was discussed in State ex rel. State Farm Mut. Auto. Ins. Co. v. Craig, Mo.App., 364 S.W.2d 343 where the court held that the insurer which had issued a policy containing uninsured motorist coverage had a right to intervene in insured's suit for personal injuries against defaulting uninsured automobile owners. Referring to this same policy condition the court stated at l.c. 349:

"Some attention must be paid to the provisions of the policy. Under 'Conditions,' if the insured brings suit against the uninsured motorist, he is required to furnish a copy of complaint and summons to the company. Of what value and to what purpose is this provision if the insurer is required to sit idly without power or right to intervene to protect its

interest in event of default? Insurance policies should receive reasonable interpretations in order to accomplish the intention of the parties. Consumers Money Order Corporation v. Pettit, Mo.App., 358 S.W.2d 422 (1, 2); Perkins v. Perkins, Mo.App., 284 S.W.2d 603(1). We think such provision is indicative of the intention that the 'accident' insurer should have some right to take some action in a case which determines whether there are facts which make it effectively 'bound.'"

 Conditions of an automobile liability policy are valid and enforceable which require that written notice be given to the liability insurance carrier as soon as practicable when an accident occurs and that suit papers be forwarded immediately and that there must be substantial compliance with such provisions. Greer v. Zurich Insurance Company, Mo., 441 S.W.2d 15[20, 21]. Here there was no compliance with the notice provision of the policy.

The accident occurred on November 8, 1965. The plaintiff Carol Roberts filed suit on April 20, 1966 against the uninsured motorist Downs and the insured motorist Wright. This suit was tried by a jury with both Downs and Wright being represented by attorneys. A second suit (the husband's case) was then filed and tried by a jury.

Plaintiffs failed to forward to defendant a copy of the summons and complaint in either of the lawsuits. After more than two and one half years since the collision, and after two contested jury cases, the defendant Jersey was finally given notice. Defendant Jersey had no opportunity to investigate the facts of the collision, or to litigate the issues of liability and damages. Plaintiff Carol Roberts' judgment against the uninsured motorist Downs, was over 21 months old when defendant Jersey, for the first time, was notified of the judgment. This is unlike Reese v. Preferred Risk Mutual Ins. Co., June 12, 1970, Mo.App., 457 S.W.2d 209 where the defendant, the insurer, had an opportunity to litigate both the issues of liability and damages in an action brought on an uninsured motorist provision.

The defendant Jersey asserted a valid defense (notice provision) which was a condition of the policy. The plaintiffs failed totally to comply with this notice provision.

We find no error.

The judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.