VICTOR HAVAS and ARLENE HAVAS, Appellants, *v.* ATLANTIC INSURANCE COMPANY, a Foreign Corporation Duly Licensed to do Business in the State of Nevada, Respondent.

No. 10708

July 17, 1980                                                614 P.2d 1

---

[Rehearing denied September 11, 1980]

*Richard A. Wright* and *George E. Franzen,* of Las Vegas, for Appellants.

*Rose, Edwards, Hunt & Pearson,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This action was commenced by Atlantic Insurance Company seeking a declaratory judgment that it was not liable to appellants for water damage to their home. The district court ruled that the water damage was covered by the policy but that recovery was barred by appellants' lack of timely notice to Atlantic. This appeal followed.

Appellants' carpet and wallpaper were damaged from flooding caused by a malfunction of their water softener. Unable to recover their expenses from the water softener supplier and his insured, appellants filed a claim with Atlantic, their own insurer under a homeowner's policy.

Although the homeowner's policy required appellants to give Atlantic immediate written notice of any loss, the claim was not filed until 16 months after the accident occurred. Appellants were informed that there was a problem with the timeliness of their claim and agreed to sign a non-waiver release. By this release, Atlantic agreed to investigate the validity of the claim while specifically reserving all defenses available to it. Appellants' claim subsequently was denied as falling within the exclusion provision of the policy. Appellants assert that by this action, Atlantic waived the late notice defense and therefore cannot rely on it to deny coverage.

A waiver is the intentional relinquishment of a known right. Violin v. Firemen's Fund Ins. Co., 81 Nev. 456, 406 P.2d 287 (1965). The intent may be express or implied from the circumstances. Id. at 462; American Home Assur. Co. v. Harvey's Wagon Wheel, Inc., 398 F.Supp. 379 (D.Nev. 1975). Where the insurer's denial of coverage on one ground encourages or excuses the insured's untimely notice, the late notice defense is generally held to be waived. See e.g., Couey v. National Benefit Life Ins. Co., 424 P.2d 793 (N.M. 1967); Grant v. Sun Indemnity Co. of New York, 80 P.2d 996 (Cal. 1938); Bloom v. Wolfe, 547 P.2d 934 (Colo.App. 1976). Where, however, the insurer asserts the late notice defense from the outset via a non-waiver agreement, a subsequent denial of coverage on other grounds does not constitute a waiver of the notice defense. Roberts v. Jersey Insurance Company of New York, 457 S.W.2d 244 (Mo.App. 1970); Allied Steel Construction Co. v. Employers Casualty Co., 422 F.2d 1369 (10th Cir. 1970). Atlantic, therefore, was not precluded from relying on the late notice provision of the policy. As appellants concede that notice was not timely, the district court correctly found that appellants were barred from recovering under the policy.

Atlantic's motion for fees pursuant to NRAP 38 is denied. This appeal is neither frivolous nor a misuse of the processes of this court.[1]

Affirmed.

THOMPSON, MANOUKIAN, and BATJER, JJ., and TORVINEN, D. J., and FONDI, D. J., concur.

---

[1]The Governor, pursuant to art. 6, § 4, of the Constitution, designated Judge Roy L. Torvinen of the Second Judicial District Court to sit in the stead of MR. CHIEF JUSTICE MOWBRAY.

The Governor, pursuant to art. 6, § 4, of the Constitution, designated Judge Michael E. Fondi of the First Judicial District Court to sit in the stead of MR. JUSTICE GUNDERSON.