■ THEODORE LUKRALLE, SR., Respondent, v DURSO SUPERMARKETS, INC., Doing Business as KEY FOOD, Defendant, and PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [656 NYS2d 292] —In an action for a judgment declaring that the defendant Public Service Mutual Insurance Company has a duty to defend and indemnify the defendant Durso Supermarkets, Inc., d/b/a Key Food in an action to recover damages arising out of an accident that occurred on June 19, 1991, the defendant Public Service Mutual Insurance Company appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated April 25, 1996, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the

Supreme Court, Nassau County, for the entry of a judgment declaring that Public Service Mutual Insurance Company is not obligated to defend or indemnify the defendant Durso Supermarkets, Inc., d/b/a Key Food in connection with the underlying action.

The plaintiff slipped and fell in premises maintained by the defendant Durso Supermarkets, Inc. d/b/a Key Food (hereinafter Durso), on June 19, 1991. Durso was insured by the defendant insurance carrier Public Service Mutual Insurance Company (hereinafter PSM) under a general liability policy which, *inter alia*, required Durso to notify PSM "as soon as practicable" of any " 'occurrence' * * * which may result in a claim". The policy defined an occurrence as an accident. PSM established that Durso possessed contemporaneous knowledge of the June 19, 1991 accident but failed to notify PSM until November 1991 when Durso forwarded a copy of the summons and complaint in the underlying tort action. PSM disclaimed coverage and the plaintiff commenced the instant declaratory judgment action.

It is well settled that where an insurance policy requires an insured to provide notice "as soon as practicable" of an occurrence, such notice must be provided within a reasonable time under all the circumstances (*see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127, 129). Providing the required notice is a condition to the insurance carrier's liability (*Rushing v Commercial Cas. Ins. Co.,* 251 NY 302), and absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy (*Deso v London & Lancashire Indem. Co., supra*). The burden is on the insured to show that there was a reasonable excuse for the delay (*Security Mut. Ins. Co. v Acker-Fitzsimons,* 31 NY2d 436, 441). Here, PSM demonstrated that Durso had knowledge of the June 19, 1991, accident at the time of its occurrence, yet failed to notify its insurance carrier, PSM, until five months later. No reasonable explanation was offered for the delay in notification. Accordingly, the motion of PSM for summary judgment should have been granted. Thompson, J. P., Krausman, McGinity and Luciano, JJ., concur.