141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie SPARKS, an individual, and Crazy Bob's Cut Rate, an
Idaho corporation, Plaintiffs-Appellants,
v.
TRANSAMERICA INSURANCE COMPANY, a California corporation,
Defendant-Appellee.
 No. 96-36110.
D.C. No. CV93-0487-S-JLQ.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 4, 1998.
Decided April 6, 1998.
 
 1
 Appeal from the United States Court for the District of Idaho Justin L. Quackenbush, District Judge, Presiding.
 
 
 2
 Before ALARCN and HAWKINS, Circuit Judges, and BREWSTER**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Leslie Sparks ("Sparks"), doing business as Crazy Bob's Cut Rate ("Crazy Bob's"), appeals from a grant of summary judgment in favor of Transamerica Insurance Company ("Transamerica"). Sparks contends that the district court erred in finding that under Idaho law: 1) Transamerica did not waive its right to rely on Sparks' untimely notice as a bar to coverage; 2) an insurer is not required to demonstrate prejudice before relying on an insured's untimely notice to avoid liability; 3) Sparks did not substantially comply with the notice requirement in his liability policy; and 4) insurers do not have an affirmative duty to seek a declaration of rights and liabilities if coverage is disputed.
 
 
 5
 We review a grant of summary judgment de novo. See Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). The district court's interpretation of Idaho law is also reviewed de novo. See Angoon v. Hodel, 836 F.2d 1245, 1246 (9th Cir.1988). We affirm because we conclude the district court correctly applied Idaho law.
 
 
 6
 * From 1981 through 1985, Crazy Bob's, owned and operated by Sparks, transported used oil. During this period, Sparks maintained annual comprehensive general liability policies with Transamerica. On September 26, 1989, Sparks received a notice letter from the United States Environmental Protection Agency ("EPA"). This letter named Crazy Bob's as a potentially responsible party ("PRP") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9657 (1980), and sought information related to Crazy Bob's oil transportation business. Sparks furnished the requested information to EPA but did not notify Transamerica of the letter.
 
 
 7
 On December 5, 1991, Sparks notified his insurance agent of his receipt of the 1989 PRP letter. Transamerica declined to defend on February 19, 1992, stating that the PRP letter did not constitute a "claim" or "suit" under the policy. While Transamerica did not directly object to the timeliness of Sparks' notice, it expressly reserved its rights regarding failure to provide timely notice of the EPA action.
 
 
 8
 Sparks filed a declaratory judgment action in district court on December 13, 1993, seeking to hold Transamerica responsible for defense and indemnity in the underlying EPA action. The court concluded that Sparks had materially breached a condition of the insurance contract by failing to provide timely notice and granted summary judgment in favor of Transamerica on December 11, 1996.
 
 II
 
 9
 As a threshold matter, we must determine whether the issue of waiver is properly before us for review. Transamerica contends Sparks failed to argue before the district court that Transamerica waived reliance on the notice requirement.
 
 
 10
 Generally, appellate courts will not consider arguments not properly raised before the district court. See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957 (9th Cir.1989). An argument must have been raised sufficiently for the district court to rule on it. See id. We hold that the issue of waiver was sufficiently raised.
 
 
 11
 Sparks articulated the waiver issue before the district court in his memorandum in support of summary judgment. He asserted that courts retaining the "no prejudice" rule have held that an insurer waives its right to assert a notice defense if it fails to invoke that provision from the outset. See A-1 Ambulance Serv., Inc., v. County of Monterey, 90 F.3d 333, 338 (9th Cir.1996) (holding an argument was not raised where the trial record lacked a precise articulation of appellant's argument as stated on appeal).
 
 
 12
 Transamerica's response to Sparks' arguments to the district court demonstrates that it had notice of the waiver issue. See General Signal Corp. v. MCI Telecomm. Corp., 66 F.3d 1500, 1511 (9th Cir.1995) (determining that appellee's argument on appeal had been raised sufficiently at trial where appellant's actions indicated it was on notice of the argument). Transamerica addressed the issue of waiver in its supplemental brief in support of summary judgment when it asserted that Sparks misconstrued a case relied upon in support of its waiver argument. Accordingly, we conclude that the waiver issue was sufficiently raised before the district court.
 
 III
 
 13
 Before determining whether Transamerica waived its right to rely on Sparks' untimely notice as a defense, we must first determine when Sparks was required by the policy to notify Transamerica. Section VIII, Paragraph 4(b) of the insurance policy required Sparks to notify Transamerica "immediately" of a "claim ... or suit." Section VIII, Paragraph 5 makes notice a condition precedent to coverage under the policy.
 
 
 14
 Sparks maintained at the district court that "Transamerica's duty to defend Plaintiffs [Sparks] was triggered by the EPA's issuance of the PRP letter in 1989." (Mem. in Support of Mot. for Partial Summ.J. at 11.) The district court agreed with this assertion, finding that the September 1989 letter "was the effective commencement of a 'suit' and, therefore, triggered Transamerica's duty to defend." (Order Denying Pls., Mot. for Summ.J. at 5-6.) At oral argument, Counsel for Sparks acknowledged that he could not adopt a position contrary to the one presented to the district court. He conceded before this court that the September 1989 letter requesting information from Sparks and indicating that he was under investigation by the EPA constituted a "suit" under the terms of the policy.[1] Thus, the September 1989 letter required Sparks to notify Transamerica "immediately." A two-year delay in notifying Transamerica of the initial EPA letter failed to satisfy the notice condition.
 
 
 15
 Having determined that Sparks was required to notify Transamerica immediately of the September 26, 1989 letter from the EPA, we must now consider whether Transamerica waived its right to assert a defense based on Sparks' failure to give timely notice. Transamerica referred to the notice requirement in its initial response to Sparks' tender of defense by stating, "Transamerica expressly reserves its rights for any prejudice we may have incurred as a result of our insured's late notice." Sparks contends the language "for any prejudice" limited Transamerica's ability to raise the failure to give timely notice to a showing of actual prejudice caused by the delay. We disagree.
 
 
 16
 To preserve the insurer's subsequent right to assert a coverage defense, a reservation of rights letter need merely inform the insured of the potential defenses to coverage developed by the insurer's preliminary analysis of the claim or suit. See Associated Indem. Corp. v. Wachsmith, 2 Wash.2d 679, 99 P.2d 420, 425-26 (Wash.1940); United Nat'l Ins. Co. v. Waterfront N.Y. Realty, Corp. ., 948 F.Supp. 263, 268 (S.D.N.Y.1996). Transamerica's initial letter specifically referred to Sparks' untimely notice as the basis for its reservation of rights. Thus, while Transamerica denied coverage stating that a PRP letter is not a claim or suit, Sparks was sufficiently informed that Transamerica might later assert its notice defense.
 
 
 17
 Sparks has not cited any authority holding that Transamerica's reference to prejudice in its reservation of rights letter constitutes a waiver of applicable Idaho law. As we discuss below, Idaho does not require a showing of prejudice by an insurer that relies on a failure of notice defense. Thus, there is no basis on which to conclude that Transamerica's reservation of rights specifically requires it to demonstrate prejudice. Accordingly, we hold that Transamerica has reserved its right to assert the defense that Sparks failed to give timely notice.
 
 IV
 
 18
 Sparks argues that under Idaho law, Transamerica is required to demonstrate that it was prejudiced by Sparks' failure to give timely notice. In Viani v. Aetna Ins. Co., 95 Idaho 22, 501 P.2d 706 (Idaho 1972), overruled on other grounds, Sloviaczek v. Estate of Puckett, 98 Idaho 371, 565 P.2d 564 (Idaho 1977), the Idaho Supreme Court held that a showing of prejudice is not required where an insured breaches a notice provision of the policy. See id. at 713. The Supreme Court of Idaho has never repudiated its decision in Viani. We must follow the decisions of the state's highest court in a diversity action. See Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1478 (9th Cir.1995).
 
 
 19
 Sparks relies on the court's decisions in Bantz v. Bongard, 124 Idaho 780, 864 P.2d 618 (Idaho 1993), and Union Warehouse and Supply Co., Inc. v. Illinois R.B. Jones, Inc., 128 Idaho 660, 917 P.2d 1300 (Idaho 1996), for the proposition that today the Idaho Supreme Court would adopt a prejudice requirement in notice cases. These decisions do not discuss Viani. They do not support the conclusion that the court would rule that an insurer must show prejudice to rely on a defense of lack of timely notice. In Bantz, the court held that an insured must demonstrate prejudice to avoid liability for an insured's violation of a consent to settle provision. See Bantz, 864 P.2d at 622. The court did not address in Bantz the discrete question whether a showing of prejudice is required where the insured violates the provision of a policy requiring notice to the insurer. Similarly, in Union Warehouse, the court held that an insurer was liable even though the insured had breached its duty to seek the consent of the insurance company because no prejudice had been shown. See Union Warehouse, 917 P.2d at 305-06. Sparks has failed to demonstrate that the Idaho Supreme Court has abandoned its holding in Viani. Accordingly, we hold that Sparks' claim is barred for failure to comply with the notice provision in the policy .[2]
 
 V
 
 20
 Sparks also asserts that his delayed notice substantially complied with the policy's notice condition because Transamerica was not hampered in its defense. Sparks relies on Viani to support this proposition. In Viani, the court held that it is possible for an insured to comply substantially with a notice requirement while failing to adhere to the letter of the policy. See Viani, 501 P.2d at 712-14.
 
 
 21
 A review of Idaho case law demonstrates that substantial compliance is a function of the form, not the timing, of notice. If some form of notice is given in a timely manner, failure to comply with the exact method of notification dictated by the policy may be excused. See Bantz v. Bongard, 864 P.2d at 624 (Idaho 1993) (finding substantial compliance where the insurer received prompt constructive notice of a claim, even though formal notice was not given for six years); County of Kootenai v. Western Cas. & Sur. Co., 113 Idaho 908, 750 P.2d 87, 92 (Idaho 1988) (finding it "clear that there was substantial performance ..." where timely notice was given to an authorized agent of the insurer who then mistakenly failed to inform the insurer of the claim); March v. Snake River Mut. Fire Ins. Co., 89 Idaho 275, 404 P.2d 614, 620 (Idaho 1965) (holding that the receipt of timely notice, even from a party other than the insured, constituted substantial compliance); Leach v. Farmer's Auto. Interins. Exch., 70 Idaho 156, 213 P.2d 920, 923 (Idaho 1950) (holding that oral, as opposed to written, notice substantially complied with the policy requirements because the insured "gave oral notice immediately upon learning of the claim ...").
 
 
 22
 Sparks waited nearly two years before giving any notice at all to Transamerica. Other states aligning with Idaho in rejecting a prejudice requirement have found delays far shorter than two years sufficient to release an insurer from liability based on breach of a notice condition. See Barclay v. London Guar. & Accident Co., 46 Colo. 558, 105 P. 865 (Colo.1909) (holding that a delay of 90 days violated notice condition); Haller v. Hawkeye-Security Ins. Co., 936 P.2d 601, 603-04 (Colo.Ct.App.1997) (holding that notice delayed for seventeen months was sufficient to relieve an insurer of liability); Lukralle v. Durso Supermarkets, Inc., 238 A.D.2d 318, 656 N.Y.S.2d 292, 293 (1997) (holding that a five-month delay in providing notice barred an insurer's liability); State Farm Mut. Life Ins. Co. v. Cassinelli, 216 P.2d 606 (Nev.1950) (holding that an insurer was not liable where notice was delayed for four months). We are persuaded that Sparks' failure to provide any notice of the EPA's September 1989 letter to Transamerica for almost two years constitutes a material breach of the insurance contract and excuses Transamerica from providing a defense and indemnity.
 
 VI
 
 23
 Finally, Sparks maintains that under Idaho law, an insurer has an affirmative duty to seek a declaration of its rights and liabilities where there is a real controversy over its duty to defend. Sparks further argues that Transamerica's failure to seek a declaration of its rights and liabilities concerning coverage and its failure to defend should estop it from asserting the notice condition. We disagree.
 
 
 24
 Sparks relies on Temperance Ins. Exch. v. Carver, 83 Idaho 487, 365 P.2d 824 (Idaho 1961), and Country Ins. Co. v. Agricultural Dev., Inc., 107 Idaho 961, 695 P.2d 346 (Idaho 1984), as authority that an insurer has an affirmative duty to seek a declaration of rights where there is a coverage dispute. Sparks' reliance on these cases is misplaced. Temperance, 365 P.2d at 826-27, and Country Insurance, 695 P.2d at 360, merely delineate when declaratory judgment actions are appropriate. Neither opinion imposes an affirmative duty on an insurer to seek a declaration of rights and liabilities. Accordingly, the district court did not err in finding that Transamerica had no duty to file an action for declaratory relief.
 
 VII
 
 25
 We deny Transamerica's request for attorney fees on appeal pursuant to Idaho Code § 12-121 (1997) because we conclude that Sparks asserted legitimate issues regarding the proper interpretation of Idaho law. See Troche v. Gier, 118 Idaho 740, 800 P.2d 136, 138 (Idaho 1990) (holding that attorney fees should be awarded under this statute only when the court believes that the appeal has been brought or defended frivolously, unreasonably, or without foundation).
 
 
 26
 The grant of summary judgment is AFFIRMED.
 
 
 
 **
 Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section VIII, paragraph 4(a) of the Transamerica policy also required Sparks to give timely notice of an "occurrence" under the policy. There is no dispute that this paragraph obligated Sparks to give timely notice, even if the letter did not constitute a "claim" or "suit."
 
 
 [2]
 Sparks points out that the Viani court relied, in part, on a decision of the Washington Supreme Court in rejecting a prejudice requirement. See Viani, 501 P.2d at 712-14 (citing Sears, Roebuck & Co. v. Hartford Accident Indem. Co., 50 Wash.2d 443, 313 P.2d 347 (Wash.1957) (en banc)). Sparks contends that because Washington now requires a showing of prejudice, see Oregon Auto. Ins. Exch. v. Salzberg, 85 Wash.2d 372, 535 P.2d 816 (Wash.1975), the Idaho Supreme Court would require a showing of prejudice as well. We note, however, that in Viani, the Supreme Court of Idaho also relied on a decision of Nevada's Supreme Court that is still the law of that state. See Viani, 501 P.2d at 713-14 (citing State Farm Mut. Life Ins. Co. v. Cassinelli, 216 P.2d 606, 616 (Nev.1950) (holding prejudice immaterial in notice cases)). See also Havas v. Atlantic Ins. Co., 96 Nev. 586, 614 P.2d 1, 1-2 (Nev.1980) (relying on Cassinelli ). Other states such as New York and Colorado also continue to reject a prejudice requirement in notice cases. See, e.g., Thomson v. Power Auth., 217 A.D.2d 495, 629 N.Y.S.2d 760 (1995); Marez v. Dairyland Ins. Co., 638 P.2d 286 (Colo.1981)