GALLANTE PROPERTIES, INC., Appellant, v ALLCITY INSURANCE COMPANY, Respondent. [805 NYS2d 113]—

In an action for a judgment declaring that the defendant is obligated to defend and/or indemnify the plaintiff in an underlying personal injury action entitled *Persaud v Gallante Props.*, commenced in the Supreme Court, Queens County, under index No. 16752/98, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Grays, J.), entered September 15, 2004, which granted the defendant's motion for summary judgment and declared that the defendant is not obligated to defend and/or indemnify the plaintiff in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

Compliance with an insurance policy notice provision is a condition precedent to coverage, and the failure to comply vitiates the policy (*see White v City of New York*, 81 NY2d 955, 957 [1993]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *Lukralle v Durso Supermarkets*, 238 AD2d 318, 319 [1997]). The insured has the burden of demonstrating a reasonable excuse for the delay in providing notice (*see White v City of New York, supra* at 957; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., supra* at 441; *Lukralle v Durso Supermarkets, supra* at 319).

The defendant established its prima facie entitlement to summary judgment by presenting evidence demonstrating that the plaintiff became aware of the subject incident months after its occurrence, and failed to present a reasonable excuse for the untimely delay in providing notice for nearly five years after becoming aware (*see White v City of New York, supra; Lukralle v Durso Supermarkets, supra*). In response, the plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Therefore, the grant of summary judgment was proper. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.